IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**UNIÓN INDEPENDIENTE DE EMPLEADOS TELEFÓNICOS DE PUERTO RICO,**

    Plaintiff,

    v.

**PUERTO RICO TELEPHONE COMPANY,**

    Defendant.

Civil Action No. 10-1667 (GAG)

**O R D E R**

On July 15, 2010, Defendant removed this case from the Puerto Rico Court of First Instance, contending that Plaintiff's request for judicial review of an arbitral award is within the purview of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (See Docket No. 1.) Plaintiff moves to remand this case to the Commonwealth court. (See Docket No. 7.) Defendant opposes the motion. (See Docket No. 8.)

Plaintiff argues that the court should remand this case because Plaintiff sued under Puerto Rico law and thus the case involves no federal issues. (See Docket No. 7.) In response, Defendant accuses Plaintiff of "artful pleading." (See Docket No. 8 at 6.)

A defendant may remove an action from the state court to the federal district court when the federal court could have exercised original jurisdiction over the case. 28 U.S.C. § 1441(a). Such original jurisdiction includes cases that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the "well-pleaded complaint rule," the court looks only to the plaintiff's pleadings to determine whether the complaint presents a federal issue. Vaden v. Discover Bank, 129 S. Ct. 1262, 1272, _ U.S. _ (2009). As a corollary, the plaintiff may not hide a federal issue by "artful pleading" to avoid removal. Rivet v. Regions Bank, 522 U.S. 470, 475-76 (1998). "A complaint purporting to rest on state law . . . can be recharacterized as one 'arising under' federal

**Civil No. 07-1146(GAG)**                                2

law if the law governing the complaint is exclusively federal," such that the federal law completely preempts state law.  Vaden, 129 S. Ct. at 1273.

Under the LMRA, an aggrieved party may bring an action in federal court to resolve a dispute between an employer and a labor organization relating to their collective bargaining agreement ("CBA").  See 29 U.S.C. § 185(a).  Challenges to arbitration under CBAs brought in the Commonwealth courts are subject to the LMRA and hence removal to federal court.  See Ramos-Santiago v. United Parcel Serv., 524 F.3d 120, 123 (1st Cir. 2008).  Furthermore, because the LMRA preempts state law, the statute authorizes the removal of actions brought under the guise of state law.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6-7 (2003).

Plaintiff seeks judicial review of an award that resulted from arbitration on the basis of a CBA.  (See Docket No. 5-1 at 19-27.)  By accusing the arbitrator of erroneous application of Puerto Rico law and the CBA (see Docket No. 5-1 at 7), Plaintiff effectively pleads an action under the LMRA even without citing the law.  We therefore find that removal to this court was proper.

Accordingly, the court hereby **DENIES** Plaintiff's motion to remand (Docket No. 7).

**SO ORDERED.**

In San Juan, Puerto Rico this 19th day of August, 2010.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge