IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNION INDEPENDIENTE DE
EMPLEADOS TELEFONICOS DE
PUERTO RICO

EX JAVIER CONCEPCION,                    Civil No. 10-1667 (GAG)

    Plaintiff,

       v.

PUERTO RICO TELEPHONE CO.,

    Defendant.

**OPINION AND ORDER**

The Union Independiente de Empleados Telefonicos de Puerto Rico ("Union") filed a complaint seeking to set aside an arbitral decision on behalf of a terminated union memeber, Javier Concepcion ("Concepcion") (collectively "Plaintiffs"). Puerto Rico Telephone Company ("Defendant" or "PRTC") has filed a motion for summary judgment (Docket No. 20).

After reviewing the parties submissions and pertinent law, the court **GRANTS** Defendant's motion for summary judgment (Docket No. 20).

**I.     Legal Standard**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A factual dispute is "genuine" if it may reasonably be resolved in favor of either party, and a "material fact" is one that has the potential of affecting the outcome of the case. Calero-Cerezo v. U.S. Dep't. of Justice, 355 F.3d 6, 19 (1st Cir. 2004). The moving party has the initial burden of showing there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). This burden may also be discharged by showing there is insufficient evidence to support the nonmoving party's case. Id.

**II.     Factual and Procedural Background**

Defendant PRTC and the Union are parties to a collective bargaining agreement ("CBA").[1] Under this agreement, a mandatory grievance procedure is in place to handle disputes resulting from disciplinary actions against employees.

At the time of the incident leading to this case, Plaintiff Concepcion was a union member and an employee to which the CBA applied. Concepcion was employed as a Service Representative in the PRTC's Banking Processes Division. In September 2005, Concepcion was charged with several violations of the PRTC's Discipline Rules and was promptly dismissed from his employment. Three of the violated rules allow for dismissal as a disciplinary action for a first offense. Specifically, these rules provide that an employee is subject to dismissal for: deliberately hindering or limiting the company's services, taking part in threatening, obscene or aggressive acts, and insubordination and being disrespectful to a supervisor. The Union filed a grievance on behalf of Concepcion challenging his dismissal. Pursuant to the CBA, the grievance was processed through full and binding arbitration.

The relevant factual findings herein are those of the arbitrator. On September 21, 2005 Concepcion returned from his lunch hour forty-five minutes late. Once he arrived at work, he left again without authorization and did not return until 2:06 p.m. After his return, Concepcion put his head down on his desk and rested. Upon observing this behavior, Concepcion's supervisor, Mayra Lopez Aponte, met with the Union delegate and another PRTC supervisor to take disciplinary action against Concepcion. The delegate went to get Concepcion and found him in the hallway, away from his work space. Concepcion indicated that he was going to get coffee and if they wanted to suspend him they would have to wait. When Concepcion entered Lopez's office he asked Lopez how long he would be suspended. Lopez told him that he would be suspended for ten days. When asked why he was tardy, Concepcion told Lopez that he had taken three pills and fallen asleep in the car. Throughout the conversation, Concepcion was upset and using profanity. Near the end of the

---

[1] Plaintiffs did not file an opposition to Defendant's statement of uncontested facts because Defendant submitted the factual findings of the arbitrator. Plaintiff's opposition to the motion for summary judgment (Docket No. 23) assumes all findings of the arbitrator as true.

conversation, Lopez asked Concepcion if he had anything else he would like to say. Concepcion answered in a hostile and violent manner with an obscenity. He then told Lopez that if she suspended him he would take care of it outside. Concepcion stood up, left the meeting without being excused, and did not return when requested to do so by his supervisor.

After weighing the facts presented by each side, the arbitrator found that dismissal was appropriate under the CBA. The Union filed a Petition to Review the award in the First Instance Court of the Commonwealth of Puerto Rico, San Juan Part on June 21, 2010. The case was removed to this court on July 15, 2010. Defendant filed a motion for summary judgment (Docket No. 20) on October 8, 2010 and Plaintiff filed a timely opposition to the motion (Docket No. 23) on October 25, 2010.

### III. Discussion

"Judicial review of an arbitration award is among the narrowest known in the law." Me. Cent. R.R. Co. v. Bhd. of Maint. of Way Emp., 873 F.2d 425, 428 (1st Cir.1989) (citing United Steel Workers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 596 (1960). The general rule is that an arbitrator's decision is not reviewable by the courts unless it does not draw its essence from the collective bargaining agreement it is meant to interpret. W.R. Grace and Co. v. Rubber Workers of America, 461 U.S. 757, 764 (1983). This exception grows out of the common law doctrine that the courts cannot enforce a contract that is contrary to law or public policy. See United Paperworkers v. Misco, Inc., 484 U.S. 29, 42 (1987).

Plaintiffs argue that the CBA itself, as well as the resulting arbitration award, are contrary to Puerto Rico Law 80, P.R. Laws Ann. tit. 29 §§ 185a-185m, and established public policy. Plaintiffs contend that the award should be vacated because both the CBA and arbitral award allow for the dismissal of an employee for a first time offense without regard to specific findings. These arguments are considered separately below.

**A.     Contrary to Law**

Plaintiffs argue that the arbitral award is contrary to law because it justifies Concepcion's termination for a first time offense without finding that Concepcion's behavior resulted in a risk to normal business operations. (See Docket No. 23 at 9-10.) The courts "do not sit to hear claims of

factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts," Misco, 484 U.S. at 38. Therefore, the court's ability to review an arbitral decision is "extremely narrow and exceedingly deferential." UMass Mem'l Medical Center v. United Food and Commercial Workers Union, 527 F.3d 1, 5 (1st Cir. 2008) (citing Bull HN Info. Sys. Inc., v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000)).

The court is able to vacate an arbitral award if it was made in "manifest disregard of the law." Advest, Inc. v. McCarthy, 914 F.2d 6, 10 (1st Cir. 1990). This requires a showing that "the arbitrator[] appreciated the existence and applicability of a controlling legal rule but intentionally decided not to apply it." Cytyc Corp. v. DEKA Products Ltd. Partnership, 439 F.3d 27, 35 (1st Cir. 2006). This is an extremely difficult standard to satisfy. See Advest, 914 F.2d at 10.

Puerto Rico Law 80 prohibits termination of non-contractual employee without just cause. See Ruiz Rivera v. Pfizer Pharm. Inc., 521 F.3d 76, 86 (1st Cir. 2008). According to section 185b(a), "good cause" for dismissal can be found if an employee "indulges in a pattern of improper or disorderly conduct." P.R. Laws Ann. tit. 29 § 185b(a). Plaintiffs argue, due to this language, that an employer cannot justify termination for a first time offense because it is insufficient to establish a pattern of improper conduct. (See Docket No. 23 at 9.) At the same time, Plaintiffs recognize that Law 80 allows for dismissal of an employee for a first time offense in certain circumstances. (See Docket No. 23 at 10.)

While it is true that "Law 80 does not favor the employee's termination as punishment for a first violation," some circumstances warrant this treatment. Rivera Rosa v. Citibank, N.A., 567 F. Supp. 2d 289, 300 (D.P.R. 2008). "Law 80 does not invariably require repeated violations, particularly where an initial offense is so serious, or so reflects upon the employee's character, that the employer reasonably should not be expected to await further occurrences." Gonzalez v. El Dia, Inc., 304 F.3d 63, 75 (1st Cir. 2002). An employee can be terminated for a first time offense if termination is necessary to "protect the good operation of the enterprise [or] the safety of the employees." Sindical v. Pepsiamericas, Inc., 652 F. Supp. 2d 189, 200 (D.P.R. 2009) (citing Secretario del Trabajo v. ITT, 108 D.P.R. 536 (1979)). "Whether a first offense is so serious to dictate dismissal must be decided on a case-by-case basis, evaluating the facts and circumstances

**Civil No. 10-1667 (GAG)**                5

of each case." Rivera Rosa, 567 F. Supp. 2d at 300.

After each party presented their facts, the arbitrator weighed the credibility of the evidence, made factual findings and determined that Concepcion's termination was justifiable. (See generally Docket No. 20-2.) Additionally, the arbitrator found that Concepcion acted "in a hostile and violent manner" while using obscenities and threatening his supervisor. (See Docket No. 20-2 at 4.) These findings are in line with the requirements of Law 80 and cannot lead the court to infer any disregard of the law. See Sindical, 652 F. Supp. 2d at 200.

Regardless, "[i[n order to demonstrate that the arbitrator both recognized and ignored the applicable law, there must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it." Prudential-Bache Securities, Inc. v. Tanner, 72 F.3d 234, 240 (1995) (citing Advest v. McCarthy, 914 F.2d 6, 10 (1990)). Plaintiffs have not presented evidence outside of the arbitration award itself to show that the arbitrator acted in manifest disregard of Law 80. Assuming the arbitrator was knowledgeable of Law 80, no evidence has been introduced which could create the inference of intentional disregard. The award itself is not sufficient to support such a finding.

**B.    Public Policy**

Plaintiffs argue that public policy disfavors the termination of an employee for a first time offense. Basing their argument in Law 80 jurisprudence, Plaintiffs allege that because dismissal for a first time offense is disfavored it is contrary to public policy.

"[A] court may not enforce a collective bargaining agreement that is contrary to public policy." W.R. Grace, 461 U.S. at 766. In order for an award to be struck down as contrary to public policy, it "must violate an explicit, well defined and dominant public policy, as ascertained by reference to laws and legal precedents." Mercy Hospital, Inc. v. Massachusetts Nurses Ass'n, 429 F.3d 338, 343 (1st Cir. 2005) (citing W.R.Grace, 461 U.S. at 766).

Arbitrations contrary to public policy may be vacated, but this policy must be well established. As stated above, Law 80 jurisprudence disfavors termination of an employee for a first time offense, yet does allow for termination in certain instances. Rivera Rosa, 567 F. Supp. 2d at 300. Plaintiff cites to Law 80 itself and various cases for support. (See Docket No. 23 at 7-8.)

**Civil No. 10-1667 (GAG)**                                6

While these cases support a finding that public policy generally disfavors dismissal for a first offense, it fails to provide a well defined and dominant policy against termination similar to Concepcion's. "The mere fact that 'general considerations of supposed public interests' might be offended by an arbitral award is not enough." Id. (citing W.R. Grace, 461 U.S. at 766.).

Plaintiffs have not submitted evidence sufficient to find the arbitral award to be contrary to public policy.

### IV.    Conclusion

For the reasons set forth above, the court **GRANTS** Defendants' motion for summary judgment (Docket No. 20). The arbitrator's decision is thus **APPROVED**.

Defendant's motion to file a surreply (Docket No. 26) has been denied as moot and the tendered surreply has not been considered. All other pending motions are denied as moot.

**SO ORDERED**.

In San Juan, Puerto Rico this 15th day of November, 2010.

                                                S/Gustavo A. Gelpí

                                                GUSTAVO A. GELPÍ

                                                United States District Judge